UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 20-107 |
| HAROLD FOSTER and MARC DALTON | SECTION: "A"(2) |

### Order and Reasons

Before the Court is the **Defendant Marc Dalton's Motion for Acquittal (Rec. Doc. 163)** filed on November 21, 2022. On November 8, 2022 the Defendant was convicted by a jury of his peers of multiple counts of carjacking (18 U.S.C. § 2119) and the use of a firearm during a crime of violence (18 U.S.C. § 924). For the reasons that follow, the motion is **DENIED**.

*Insufficient Intent*

The Defendant's first argument on his motion for acquittal is the alleged lack of evidence of the Defendant's intent to cause great bodily harm at the precise moment he demanded or took control of the vehicle by force, violence, or intimidation. When assessing whether the Defendant had the requisite intent, the factfinder is to look at the totality of the circumstances to evaluate whether the Defendant had the intent to cause death or serious bodily harm. *Holloway v. U.S.,* 526 U.S. 1 at 11, 119 S.Ct. 966. When viewing the entirety of the evidence in a light most favorable to the Government, there was more than sufficient evidence to support the jury's verdict of guilty beyond a reasonable doubt.

Throughout the trial, the Court observed evidence that the Defendant and his Co-Defendant, working in tandem, forced the April 10, 2020 victim and April 12, 2020 victims into their vehicles at gunpoint. Pointing a handgun at a victim is strong evidence of the intent to

1

cause serious bodily harm. It is irrelevant the victims were ultimately let go unharmed for purposes of this intent element. *Holloway v. United States*, 119 S. Ct. 966, 974 (1999). The Defendants were on video seen pointing a weapon at Mr. Eddie Profit, the deceased April 10, 2020 victim; and they were identified by the live testimony of the April 12, 2020 victims. This ground of the Defendant's motion has no merit.

### *The Weapon*

The second ground for the Defendant's motion is that only one weapon was produced at trial, therefore insufficient evidence was produced to show that the Defendant actually used a weapon during both carjackings. The Government is not required to produce the actual weapon allegedly used and may rely on testimony, including the testimony of lay witnesses, in its attempt to prove that a defendant used a "firearm" as that term is defined for purposes of § 924(c). *United States v. Lankford*, 196 F.3d at 576; *see also United States v. Lawson*, 810 F.3d 1032, 1039–40 (7th Cir. 2016); *United States v. Green*, 664 F. App'x 193, 199 (3d Cir. 2016); *United States v. Costello*, No. CR 14-107, 2016 WL 521245, at *3 (E.D. Pa. Feb. 10, 2016); *United States v. Buggs*, 904 F.2d 1070, 1075-76 (7th Cir. 1990).

The April 10, 2020 carjacking was captured on video and shown at trial. In that video the Defendant is seen holding a gun and threatening the victim to deprive him of his vehicle. There was more than enough evidence for a reasonable jury to convict the Defendant of that carjacking. As to the April 12, 2020 carjacking both victims testified that the Defendant mentioned possessing other guns, and used a gun to threaten them and deprive them of their vehicle. One of those guns was later recovered after a foot chase and introduced at trial. The second ground of the Defendant's motion has no merit.

**ACCORDINGLY;**

**IT IS ORDERED** that **Marc Dalton's Motion for Acquittal (Rec. Doc. 163)** is **DENIED**.

New Orleans, Louisiana, this 25th day of April, 2023.

_____
Judge Jay C. Zainey
United States District Judge