UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 20-cr-107 |
| MARC DALTON | SECTION: "A"(2) |

## ORDER AND REASONS

Before the Court are two **Motions to Vacate Pursuant to 28 U.S.C. § 2255 (R. Doc. 283 & 287)** filed by Defendant Marc Dalton. The Government opposes the motions (R. Doc. 290). Having considered the *pro se* motions, the opposition, the record, and the applicable law, the Court finds that Defendant's motions are **DENIED** for the reasons set forth below.

Marc Dalton and his co-defendant Harold Foster were convicted of two counts of carjacking and two counts of using a firearm during and in relation to the carjacking. On August 29, 2024, the Fifth Circuit affirmed Dalton's conviction and reinstated his original sentence. *United States v. Foster et al.*, No. 23-30288, 2024 WL 3991455 (5th Cir. Aug. 29, 2024). Dalton neither sought rehearing nor petitioned the Supreme Court for a writ of certiorari. Accordingly, his conviction became final after the Fifth Circuit affirmed it*. See id.*

Dalton now brings the instant *pro se* motions, alleging five grounds as to why the Court should vacate his sentence: 1) insufficient evidence was presented to convict him of carjacking; 2) the Court provided unconstitutional jury instructions; 3) the

Court violated the Sixth Amendment's Confrontation Clause; 4) he received ineffective assistance of counsel; and 5) the Court abused its discretion at sentencing.[1] As an initial matter, the Court notes and has considered the Government's objections to the timeliness of Dalton's motions; however, the issues Dalton raised will be dismissed on procedural and substantive grounds instead.

As to grounds one and five, Dalton raised these issues on direct appeal, and the Fifth Circuit addressed and dismissed them. *Foster*, 2024 WL 3991455, at *2-4. Accordingly, Dalton may not re-assert those issues in his Section 2255 motions. *See United States v. Allen,* No. 12-CR-138, 2018 WL 5251906, at *2 (E.D. La. Oct. 22, 2018) (Vance, J.) *(citing United States v. Goudeau,* 512 F. App'x 390, 393 (5th Cir. 2013)) ("A litigant cannot re-assert issues in a Section 2255 motion that he has already raised on direct appeal.")

Dalton did not raise any claims regarding unconstitutional jury instructions, the Sixth Amendment, or ineffective assistance of counsel on appeal; thus, the Court shall address these issues below.

First, a defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). Cause is shown through "an objective impediment that is external to his defense," which prevented the defendant from directly appealing on that ground. *United States v. Rodney*, No. 10-

[1] *See generally* R. Doc. 287, Mot. to Vacate.

102, 2014 WL 6607069, at *3 (E.D. La. Nov. 18, 2014) (citing *United States v. Flores*, 98 F.2d 231, 235 (5th Cir. 1993)). Prejudice is shown by "an actual and substantial disadvantage, infecting [the defendant's] entire [proceedings] with error of constitutional dimension." *Id.* (quoting *Shaid*, 937 F.2d at 233) (second alteration in original).

Dalton had the opportunity to raise the issues of unconstitutional jury instructions, and the Confrontation Clause errors on appeal but did not. Throughout his petition, he only states that he did not raise these issues on appeal because he was advised by his appeal lawyer that the arguments would be more effective on a 2255 motion rather than direct appeal.[2] This is not an objective impediment that precluded him from challenging his conviction. *United States v. Guerra, 94 F.3d 989*, 993 (5th Cir. 1996), *as corrected* (Sept. 25, 1996) (citing *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir.1992)) (giving factors that constitute "cause," such as interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense.")

He has also failed to establish that a constitutional defect led to his disadvantage. Dalton provides no evidence as to how the Court's jury instructions on reasonable doubt amounted to a "direct violation of the United States Constitution." Nor does he demonstrate that the testimony of a deceased victim's brother violated

---

[2] *Id.* at 6 & 7.

the Confrontation Clause of the Sixth Amendment or amounted to actual prejudice in light of the litany of other evidence presented at trial. Accordingly, the Court finds those claims procedurally barred.

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Rice v. United States*, No. 09CR107, 2015 WL 4911667, at *3 (E.D. Tex. Aug. 17, 2015). Strickland provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* (citing *Strickland*, 466 U.S. at 687). Under the first prong, the petitioner must show that counsel's performance was deficient. *Id.* To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* (citing *Strickland*, 466 U.S. at 688). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* (citing *Strickland*, 466 U.S. at 690).

Under the second prong, a petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

An ineffective assistance of counsel claim fails if the petitioner cannot satisfy

either the deficient performance or prejudice prong; a court need not evaluate both if the petitioner makes an insufficient showing as to either. *Id.* (citing *Strickland*, 466 U.S. at 697). Here, Dalton's only argument is that his counsel failed to object to the Court's statements made during sentencing. He not only failed to demonstrate that the absence of an objection by his counsel at sentencing amounts to deficient performance, but that any actual prejudice resulted.

**ACCORDINGLY;**

**IT IS ORDERED** that Defendant's **Motions to Vacate Pursuant to Section 2255 (R. Doc. 283 & 287)** are **DENIED**.

August 21, 2026

Jay C. Zainey
United States District Judge